IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ANDREW S., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:25-cv-00166-RJD[1] |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

**DALY, Magistrate Judge:**

On January 10, 2023, an ALJ denied Plaintiff's Title II application for disability and disability insurance benefits. Doc. 14-1, pp. 5–26. Plaintiff requested that the Appeals Council review the ALJ's decision. Doc. 14, p. 1. On April 7, 2023, Plaintiff filed an appeal to this Court, despite not having received a decision by the Appeals Council. *Andrew S. v. Commissioner of Social Security,* 23-cv-1173-MAB, Doc. 1. This Court dismissed the case because Plaintiff's appeal was premature. *Id*., Doc. 16 (Oct. 19, 2023). On December 11, 2023, the Appeals Council denied Plaintiff's request in a Notice of Appeals Council Action. Doc. 14-1, pp. 27–31.

On February 5, 2025, Plaintiff filed another appeal to this Court, claiming that his application for disability insurance benefits was wrongfully denied. Doc. 1. Defendant subsequently filed a Motion to Dismiss, contending that this case was barred by the statute of limitations. Docs. 13 and 14. Plaintiff did not respond, but in his Complaint alleged that he

[1] Pursuant to 28 U.S.C. §636(c), this case was assigned to the undersigned for final disposition upon consent of the parties (Doc. 12).

never received the Appeals Council's Notice, despite sending a follow-up letter to the council on October 30, 2023. Doc. 1, p. 3. The Court converted Defendant's Motion to Dismiss to one for summary judgment and gave Plaintiff additional time to respond, setting a response deadline of October 24, 2025. Doc. 15. Plaintiff filed an Affidavit on November 10, 2025 that, despite being untimely, the Court will consider; Defendant raised no objection. Doc. 19. For the reasons explained below, Defendant's Motion for Summary Judgment is **GRANTED**.

## Summary Judgment Standard

Summary judgment is appropriate only if the moving party can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005). In considering a summary judgment motion, the district court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

## Discussion

The Appeals Council denied Plaintiff's request for review on December 11, 2023. Plaintiff's deadline for filing his appeal to this Court was "sixty days after the mailing to him of notice." 42 U.S.C. §405(g). The sixty-day statute of limitations is "strictly construed." *Bowen v. City of New York*, 476 U.S. 467, 479 (1986). The Court presumes that the claimant received notice of the benefits denial within five days "after the date of such notice." 20 C.F.R. § 442.210(c). Accordingly, Plaintiff's deadline to file a Complaint in this case was February 14, 2024.

In rare instances, equitable tolling may allow an appeal in the District Court to proceed that

would otherwise be barred by the statute of limitations. *Bowen*, 476 U.S. at 481. Equitable tolling is allowed in situations "where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990). For example, in *Bowen*, the Government engaged in "secretive conduct [that] prevented Plaintiffs from knowing" their rights under the Social Security Act had been violated. *Bowen*, 476 U.S. at 473-74, 481.

Here, there is no evidence of inducement or secretive conduct by the Government. Instead, Plaintiff explains in his affidavit that he never received any notice and further explains that his "neighborhood has had a history of packages and mail being stolen." Doc. 19. Such evidence is generally insufficient to rebut the presumption of delivery. *Nielson v. Astrue*, 2011 U.S. Dist. LEXIS 61506, at *4-*5 (N.D. Ill. June 6, 2011) (*citing McCall v. Bowen*, 832 F.2d 862, 864 (5th Cir. 1987). If Plaintiff's mere assertion (even sworn in his affidavit) that he never received the notice was sufficient, "this Court would be creating an exception to the Act by which a tardy claimant could avoid [dismissal] by merely asserting a late delivery of the notice of the Secretary's decision." *McCall,* 832 F.2d at 864 (*quoting Rouse v. Harris*, 482 F. Supp. 766, 769 (D.N.J. 1980).

Moreover, Plaintiff must establish that he pursued his rights diligently. *Nielson*, citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The Court acknowledges that Plaintiff attempted to pursue this matter in this Court before the Appeals Council issued the Notice denying his request for review. Plaintiff then sent a follow-up letter to the Appeals Council on October 30, 2023. Doc. 1, p. 3. Plaintiff apparently took no action from November 2023 until he filed

this case in February 2025. At some point, he accessed his case on the SSA's website and found that the case no longer existed; presumably shortly thereafter, Plaintiff filed the instant case. He gives no explanation why more than a year passed before he attempted to access his case or otherwise determine if the Appeals Council had issued its decision. This lapse of time negates any argument that Plaintiff diligently pursued this appeal.

## Conclusion

For these reasons, Defendant's Motion for Summary Judgment is **GRANTED**. The Clerk of Court is directed to enter judgment in favor of Defendant.

**IT IS SO ORDERED.**

**DATED: October 19, 2026**

**Hon. Reona J. Daly**
**United States Magistrate Judge**